ORIGINAL

FILED
U.S. DIST. COURT
AUGUSTA DIV

SEP 1 4 32 PM '98

CLERK
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| MONIQUE R. MACK, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV-197-097 |
| | * | |
| S&H MOTORS, INC. and AARON HOLIDAY, | * | |
| | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court in the above-captioned matter is Defendant S&H Motors, Inc.'s Motion for Summary Judgment. S&H Motors moves for summary judgment on Plaintiff's claims of sexual harassment, retaliatory discharge, and assault and battery. Upon consideration of the briefs submitted by counsel, Defendant S&H Motors' Motion for Summary Judgment is hereby **GRANTED** for the reasons set forth below.

**I. Background**

Plaintiff is a female who began working at Defendant S&H Motors, Inc.'s business, Augusta Mitsubishi, in April of 1996.

50

AO 72A
(Rev. 8/82)

(Mack Dep. at 54). Augusta Mitsubishi is located in Augusta, Georgia. Plaintiff worked as a salesperson and was employed to sell cars on Defendant S&H Motors' car lot. On Friday, July 26, 1994, Defendant S&H Motors terminated Plaintiff.

Plaintiff claims that she was sexually harassed. In addition to general claims of teasing by her fellow sales representatives, Plaintiff points to an undisputed incident on Wednesday, September 24, 1996. Defendant Aaron Holiday (Holiday), also a salesperson at S&H Motors with no supervisory authority over Plaintiff, struck Plaintiff on the buttocks when she reached for paperwork in Holiday's office. (Mack Dep. at 166). Later that day, Plaintiff reported the incident to the sales manager, James Lampkin. (Mack Dep. at 173).

That same day, Lampkin notified the general manager, Wendell Colston, about the incident. Colston called a meeting with the Plaintiff and Holiday to discuss Plaintiff's complaint later that afternoon. Holiday admitted slapping the Plaintiff's buttocks, and Colston informed Holiday that his actions were grounds for termination. Colston also informed both parties that they would be terminated if either of them instigated another incident of this nature. Plaintiff stated

2

that a verbal apology, assurances that this type of behavior would not reoccur, and a written notation in Holiday's file would be sufficient punishment for Holiday's behavior. (Mack Dep. at 183-84). S&H Motors punished Holiday in the manner Plaintiff requested. Plaintiff admits that she was satisfied with how S&H Motors handled this particular incident. (Mack Aff. ¶ 14).

Two days later, on September 26, Defendant S&H Motors fired the Plaintiff. Plaintiff alleges that she was fired in retaliation for her sexual harassment complaint against Defendant Holiday.

S&H Motors, on the other hand, claims that it fired Plaintiff based on her poor work performance, her bad attitude, and incidents of insubordination. Defendant S&H Motors claims that the decision to fire Plaintiff was also made prior to the incident but had not been communicated to the Plaintiff because of company policy to fire employees on their pay day.

Additionally, Plaintiff claims that Defendant S&H Motors is liable for Holiday's assault and battery against her under Georgia tort law. Plaintiff cites Defendant S&H Motors' alleged ratification of Holiday's act as evidence supporting

3

this claim.

Plaintiff has also filed an action for assault and battery against defendant Holiday. Defendant Holiday has counterclaimed with a claim of assault and battery against Plaintiff.

## II.Requirements for Summary Judgment

The Court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The applicable substantive law identifies which facts are material in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). When the moving party has the burden of proof at trial, that party must carry its burden at summary judgment by presenting evidence affirmatively showing that, " on all the essential elements of its case . . . , no reasonable jury could find for the non-moving party." United

4

_States v. Four Parcels of Real Property_, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc). When the non-moving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial, see _Clark_, 929 F.2d at 606-608 (explaining _Adickes v. S.H. Kress & Co._, 398 U.S. 144, 90 S.Ct. 1598 (1970) and _Celotex Corp. v. Catrett_, 477 U.S. 317, 106 S.Ct. 2548 (1986)); merely _stating_ that the non-moving party cannot meet its burden at trial is _not_ sufficient, _Clark_, 929 F.2d at 608. Any evidence presented by the movant must be viewed in the light most favorable to the non-moving party. _Adickes_, 398 U.S. at 157.

If--and _only_ if--the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." _Clark_, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. _Morris v. Ross_, 663 F.2d 1032, 1033-34 (11th

5

Cir. 1981), cert. denied, 456 U.S. 1010 (1982). Rather, the non-moving party must respond by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. A genuine issue of material fact will be said to exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. at 248.

The clerk has given the non-moving party notice of the summary judgment motion, the right to file affidavits or other materials in opposition, and of the consequences of default; thus, the notice requirements of Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985), are satisfied. The time for filing materials in opposition has expired, and the motion is ripe for consideration. The Court will proceed to review the applicable substantive law and inquire whether the moving party--and, if necessary, the non-moving party--has carried its burden as set forth above. See Clark, 929 F.2d at 609 n.9.

### III. Plaintiff's Sexual Harassment Claim

Summary judgment is appropriate on Plaintiff's sexual harassment claim. First, Plaintiff's claim for hostile work

6

environment sexual harassment fails because the conduct complained of was not sufficiently severe and pervasive to qualify as actionable sexual harassment. Second, even if the conduct was sufficiently severe and persuasive to establish a hostile work environment, Defendant S&H Motors is not directly liable because it properly punished Holiday for his conduct.

There are two types of sexual harassment actionable under Title VII: hostile environment cases and quid pro quo cases. See generally Henson v. City of Dundee, 682 F.2d 897, 909 (11th Cir. 1982). Because the Plaintiff has not presented any evidence in support of a quid pro quo claim, only her claim of a hostile work environment is considered.

"Hostile environment sexual harassment occurs when an employer's conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive environment." Steele v. Offshore Shipbuilding, Inc., 867 F.2d 1311, 1315 (11th Cir. 1989) (citing Meritor Sav. Bank v. Vinson, 477 U.S. 57, 65, 106 S.Ct. 2399, 2405 (1986)). To establish a prima facie case of sexual harassment based upon a hostile work environment, a plaintiff must show that:

(1) she is a member of the protected group, (2) was the

7

subject of unwelcome sexual harassment, (3) the harassment occurred because of her sex, (4) the harassment affected a "term, condition, or privilege" of her employment and (5) the employer knew, or should have known, of the harassment and failed to take remedial action.

Huddleston v. Roger Dean Chevrolet, Inc., 845 F.2d 900, 904 (11th Cir. 1988); Henson v. City of Dundee, 682 F.2d 897, 903-05 (11th Cir. 1982) (discussing each element of hostile environment claim).

Plaintiff's claim of hostile work environment sexual harassment suffers from multiple infirmities.

## A. Sufficiently Severe and Pervasive Harassment

Sexual harassment is actionable under Title VII only if the objectionable conduct is "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" Dees v. Johnson Controls World Serv., Inc., 938 F. Supp. 861, 865 (S.D. Ga. 1996)(quoting Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir. 1982)); see also Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993). Unfortunately, there is no formula or other means of mechanical application to determine whether sexual harassment is actionable under Title VII. Whether sexual

8

harassment is sufficiently severe or pervasive to support a Title VII remedy must be determined upon the "totality of the circumstances." Henson, 682 F.2d at 904.

As the Supreme Court has noted, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 118 S. Ct. 2275, 2283 (1998) (citations omitted). The Georgia Court of Appeals has also noted,

> [t]he rough edges of our society are still in need of . . . filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate or unkind.

Cooler v. Baker, 204 Ga. App. 787, 788 (1992).

Essentially, Plaintiff complains of general allegations of behavior that can at best be classified as nonsexual and insensitive and one specific incident of a physical touching. While insensitive behavior may be undesirable or just plain rude, that does not necessarily make such behavior a Title VII violation. Taken as a whole, the conduct Plaintiff presents is simply not severe and pervasive enough to constitute a hostile work environment.

Plaintiff argues that a generally hostile work

9

environment was established through the use of coarse language on the job and pranks among the sales representatives, but Plaintiff does not provide evidence of any specific comments or teasing of a sexual nature. In fact, Plaintiff admits to personally using profane language at work, and Plaintiff's only example of a prank her co-workers perpetuated against her is an incident where her fellow employees moved her car. (Mack Dep. at 159-60).

Plaintiff also points to a question Lampkin, the sales manager, asked Plaintiff during her interview for the sales representative position as evidence of a hostile work environment. Lampkin asked Plaintiff if she was able to tolerate coarse language and whether she would complain about sexual harassment like some other women employees had before. There is no specific evidence, however, that any other female employees made sexual harassment complaints. (Colston Dep. at 86-87; Mack Dep. at 58-60).

The more serious allegation and the crux of Plaintiff's sexual harassment complaint concerns a physical touching that occurred when Aaron Holiday, a salesperson at S&H Motors with no supervisory authority, slapped Plaintiff on the buttocks as she bent over a desk to reach for some paperwork. Although

10

Plaintiff claims that this incident made her angry, (Mack Dep. at 248), one incident of this sort does not give rise to the necessary level of pervasive conduct contemplated under Title VII.

In evaluating the totality of the circumstances, the context of this touching must also be understood. Plaintiff admits to "joking" with Holiday and tapping him on his chest a few days before Holiday slapped her on the buttocks. Holiday responded to the Plaintiff's conduct by informing Plaintiff that he would get her back for it. (Mack Dep. at 162-63). In fact, Holiday claims that the only reason he slapped the Plaintiff was to get her back for her previous prank. (Holiday Dep. at 46-47). Isolated, crude language and inconsiderate acts are far from chivalrous; however, they are not inevitable violations of Title VII. "Title VII 'does not prohibit genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex.'" Faragher, 118 S. Ct. at 2283 (citing Oncale v. Sundowner Offshore Servs., Inc., 118 S. Ct. 998, 1003 (1998)). Given the context of these actions and Plaintiff's own conduct, Plaintiff fails to provide the evidence necessary to establish a hostile work environment.

11

## B. Failure to Take Remedial Action

Even if Plaintiff is able to demonstrate a sufficiently hostile work environment, S&H Motors is not directly liable for Holiday's act because it took effective remedial action in response to the Plaintiff's complaint. In a hostile environment sexual harassment case, a corporate employer is not liable for his employee's actions under respondeat superior liability if the employer takes prompt, remedial action once the employee's actions are known. Steele v. Offshore Shipbuilding, Inc., 867 F.2d 1311, 1316 (11th Cir. 1989); see also Fowler v. Sunrise Carpet Indus., 911 F. Supp. 1560, 1581 (N.D. Ga 1996) (listing employee interviews, strong reprimands, and termination threats against harasser as examples of proper employer remediation).

In this case, even if Plaintiff is able to prove a hostile work environment, Defendant S&H Motors' proper remediation of the situation discharged its Title VII liability. Plaintiff promptly notified the sales manager, Lampkin, the same day Holiday slapped her buttocks. S&H Motors immediately responded to the Plaintiff's complaint and held a meeting with the Plaintiff, the general manager, and Holiday. During this meeting, Holiday was informed that he

12

could be terminated for this incident, was given a formal, written reprimand, and apologized to the Plaintiff. The Plaintiff specifically requested that S&H Motors retain Holiday as an employee and approved the punishment S&H Motors imposed on Holiday. (Mack Dep. at p. 183-84). Further, no prior incidents of sexual harassment had ever been reported against Holiday during the six years he had worked at S&H Motors. (Colston Dep. at p. 86). As Plaintiff admits, these undisputed facts demonstrate that S&H Motors discharged its liability for its employee's actions by properly remediating the harassing conduct once it became known to them.

### IV. Plaintiff's Retaliatory Discharge Claim.

With regard to Plaintiff's claim that she was fired in retaliation for her reporting of Holiday's slap, she must show the following to establish a prima facie case: (1) that she engaged in statutorily protected behavior; (2) the employer took adverse personnel action; and (3) a causal link exists between her protected activity and the employer's conduct. Weaver v. Casa Gallardo, Inc., 922 F.2d 1515, 1520 (11th Cir. 1991); Donnelson v. Fruehauf Corp., 794 F.2d 598, 600-01 (11th Cir. 1986).

13

Defendant S&H Motors argues that Plaintiff has failed to demonstrate that retaliation was based on statutorily protected conduct. It is not necessary for the Plaintiff to file a formal complaint against her employer to engage in statutorily protected conduct, informal complaints to supervisors such as Plaintiff's complaint to Lampkin can suffice. Rollins v. Florida Dep't of Law Enforcement, 868 F.2d 397, 400 (11th Cir. 1989). Title VII establishes two methods for demonstrating statutorily protected conduct. First, the Plaintiff may prove that the employer engaged in activity Title VII protects against. In other words, the Plaintiff must prove a Title VII violation to demonstrate statutorily protected conduct under this theory. As the analysis above states, Plaintiff has failed to establish that S&H Motors is liable for creating a hostile work environment. Additionally, in Little v. United Technologies, the Eleventh Circuit stated that "opposition of an employee to a co-worker's own individual act of discrimination does not fall within the protection of Title VII." 103 F.3d 956, 959 (11th Cir. 1997). Because the Plaintiff objected to a single, isolated incident of sexual harassment perpetuated by a co-worker without supervisory authority, Plaintiff is unable to

14

recover for retaliatory discharge under this theory.

Second, it is possible to meet the requirement of statutorily protected conduct even if the employer's own conduct is not unlawful. If the Plaintiff provides evidence that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices," the Plaintiff has demonstrated statutorily protected conduct sufficient to support her retaliatory discharge claim. Id. at 960. This standard has both an objective and subjective component, but Plaintiff must present evidence demonstrating that the she reasonably believed that the employer violated Title VII at the time she made her complaint to her supervisor. Id. "The specific evil at which Title VII was directed was not the eradication of all discrimination by private individuals, undesirable though that is, but the eradication of discrimination by employers against employees." Silver v. KCA, Inc., 586 F.2d 138 (9th Cir. 1978), cited with approval in Little, 103 F.3d at 959.

In this case, Plaintiff has failed to produce evidence from which a reasonable jury could infer that Plaintiff believed that S&H Motors' conduct was sufficient to impose Title VII liability. A single, isolated act of this nature,

15

is not enough to establish an unlawful employment practice attributable to the employer. Plaintiff has failed to present sufficient evidence linking this one incident to a pervasive discriminatory practice. Instead, Plaintiff's evidence concerns Holiday's actions and actions S&H Motors took subsequent to her complaint, allegations insufficient to link S&H Motors to a Title VII violation for a single slap. In fact, Plaintiff admits that she was satisfied with the manner in which S&H Motors punished Holiday for his actions. (Mack Aff. ¶14). Plaintiff also admits that she was not aware of any other complaints of sexual harassment against Defendant S&H Motors nor of any prior complaints against Holiday. (Mack Dep. at 58-60).

Whether the Plaintiff's belief was reasonable must also be evaluated in light of Plaintiff's own treatment of Holiday. Plaintiff admits to an incident just days before Holiday's slap where she touched Holiday's chest, and Holiday told the Plaintiff the he would get her back for the incident. Both Holiday and Colston state that during the meeting discussing Holiday's slap, Holiday admitted slapping the Plaintiff's buttocks in retaliation for her earlier act. Even if Holiday was just joking as Plaintiff claims, her own statement that

16

she did not want Holiday to be terminated for his behavior also provides evidence that Plaintiff did not believe that Holiday's actions, much less S&H Motors', were serious enough to violate Title VII. Because Plaintiff failed to establish that she engaged in statutorily protected conduct, her retaliatory discharge claim fails.

## V. Plaintiff's State Law Tort Claim

Defendant S&H Motors seeks summary judgment on Plaintiff's claim of assault and battery under a theory of respondeat superior liability. In Georgia, respondeat superior liability is imposed on an employer when a "servant by his command or in the prosecution and within the scope of his business" commits the tort." O.C.G.A. § 51-2-2 (1982). Under this statute, S&H Motors is directly liable if the act was done "during the existence of the employment" and "within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." Southern Bell Tel. & Tel. Co. v. Shahara, 167 Ga. App. 665, 667 (1983).

Although Plaintiff has demonstrated facts sufficient to establish that Holiday, a S&H Motors' employee, committed a tort in the S&H offices, the Plaintiff has failed to

17

demonstrate that Holiday was acting within the scope of his employment when he slapped the Plaintiff. The scope of employment element is met if the "act is within the class of acts that the agent or employee is authorized to perform. Cummings v. Walsh Constr. Co., 561 F. Supp. 872, 879 (S.D. Ga. 1983). If the act is committed, "not by reason of the employment, but because of matters disconnected therewith, the master would not be liable." Mountain v. Southern Bell Tel. & Tel. Co., 205 Ga. App. 119 (1992).

In this case, Holiday slapped the Plaintiff on the buttocks. This act is clearly not within the scope of Holiday's job as a sales representative and is more clearly defined as his own personal act. In fact, Plaintiff's own testimony admits that the act is not within the scope of Holiday's job. Plaintiffs claim for direct respondeat superior fails.

Plaintiff also argues that S&H Motors ratified Holiday's actions and is liable for Holiday's alleged tort under this theory. In Georgia, an employer who subsequently ratifies an employee's tortious conduct is liable for that tort under respondeat superior liability. Simon v. Morehouse Sch. of Med., 908 F. Supp. 959, 971 (N.D. Ga. 1995). Ratification

18

occurs when an employer knows about the employee's action and fails to take proper remedial action. <u>Allen & Bean, Inc. of Ga. v. American Bankers Ins. Co. of Fla.</u>, 153 Ga. App. 617 (1980).

In this case, S&H Motors was aware of Holiday's actions because Plaintiff immediately informed the sales manager, Lampkin, when the act occurred. Plaintiff has failed to establish, however, that Defendant S&H Motors did not take the proper remedial action. As soon as Plaintiff informed Lampkin about the incident, a meeting with the Plaintiff, Holiday, and the general manager, Colston, was held. During this meeting, Colston presented Holiday with a written admonition and Holiday formally apologized to Plaintiff. Colston also informed Holiday that his conduct was severe enough to warrant termination. Plaintiff did not object or state that this remedial action was insufficient. In fact, Plaintiff stated in her own deposition and in her EEOC affidavit that she chose Holiday's punishment and specifically requested that he not be terminated. Because she recommended the punishment Holiday received, she cannot now claim that S&H Motors' actions were inappropriate to remedy the situation.

Plaintiff further claims that S&H Motors ratified

19

Holiday's act by firing her while retaining Holiday as a sales representative. Holiday's retention is also insufficient to establish ratification because "[t]he doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him." Rubin v. Mikart, 167 Ga. App. 425 (1983). In rejecting the Plaintiff's claim in Rubin, the Georgia Court of Appeals further stated that "where an employee is acting exclusively for himself" retaining the employee with knowledge of the tort is not sufficient ratification. Id.

In this case, Plaintiff seeks to use her retaliatory discharge claim as evidence of ratification. Because the evidence demonstrates that S&H Motors properly punished Holiday pursuant to Plaintiff's instructions, it is illogical to allow Plaintiff's termination to discharge Holiday's punishment. Also, Plaintiff has presented no evidence linking Holiday's alleged assault and battery to any benefit S&H Motors received. Because it was established that S&H Motors properly punished Holiday for his actions, the Plaintiff's subsequent discharge from employment is more properly handled as a retaliatory discharge claim than evidence of ratification. Further, Plaintiff's vague allegations that S&H

20

Motors is generally insensitive toward female employees also
fails to provide the needed ratification of Holiday's specific
act.

## V. Conclusion

Upon the foregoing, it is hereby **ORDERED** that Defendant
S&H Motors' motion for summary judgment on the Plaintiff's
claims of sexual harassment, retaliatory discharge, and
assault and battery is hereby **GRANTED**.    The clerk is
instructed to **ENTER FINAL JUDGMENT** in favor of Defendant S&H
Motors.

Furthermore, having disposed of Plaintiff's federal
claims, I decline to exercise supplemental jurisdiction over
Plaintiff's state-law claims and Defendant Holiday's state-law
counterclaim.    See 28 U.S.C. § 1367(c)(3).    Accordingly, said
state-law claims are hereby **DISMISSED WITHOUT PREJUDICE**, and
the Clerk is instructed to **CLOSE** this case.    The Plaintiff is
instructed to bear the costs in this federal action.

21

**ORDER ENTERED** at Augusta, Georgia, this _____ day of

September, 1998.

_____

CHIEF UNITED STATES DISTRICT JUDGE

22

UNITED STATES DISTRICT COURT
Southern District of Georgia

Case Number:     1:97-cv-00097
Date Served:     September 1, 1998
Served By:       Joseph A. Howell

Attorneys Served:

Ziva Peleg Bruckner, Esq.
Benjamin Howard Brewton, Esq.
Lisa A. Schreter, Esq.
C. Dan Wyatt III, Esq.
Stephen X. Munger, Esq.
Paul C. Munger, Esq.
George R. Hall, Esq.

_____ Copy placed in Minutes

_____ Copy given to Judge

_____ Copy given to Magistrate